1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

DEAN PHILLIP CARTER,

Petitioner,

vs.

ROBERT L. AYERS, JR., Acting Warden of the California State Prison at San Quentin,

Respondent.

CASE No. 06cv1343-BEN(CAB)

*DEATH PENALTY CASE*

**ORDER DENYING PETITIONER'S APPLICATION TO CONDUCT CERTAIN INVESTIGATION**

Petitioner filed an Application to Conduct Certain Investigation. Specifically, Petitioner seeks an Order from this Court authorizing Petitioner to conduct interviews of the jurors who served on his San Diego Superior Court case. Petitioner acknowledges that the state trial court issued an order prohibiting contact with the jurors in this case, but asserts that it is not binding in this Court.

Respondent opposes this Application. He contends that the state court order regarding juror contact is still extant and that Petitioner should apply to that court for permission to contact the former jurors. Respondent further asserts that Petitioner has failed to demonstrate good cause for the desired juror contact, and thus no court should grant such an application.

Upon consideration, the Court DENIES Petitioner's Application without prejudice.

06cv1343

# I. BACKGROUND

Petitioner was convicted in the San Diego County Superior Court on May 22, 1991, of one count of first degree murder, two counts of robbery, one count of burglary, one count of forcible rape, and one count of forcible oral copulation. People v. Carter, 36 Cal.4th 1215, 1220 (2005), cert. denied, 126 S.Ct. 1881 (2006). The jury also found true the special circumstance allegations that the murder was committed while lying in wait, that the murder was committed while the Petitioner was engaged in the commission or attempted commission of a robbery, that the murder was committed while the Petitioner was engaged in the commission or attempted commission of a burglary, and that Petitioner had previously been convicted of three counts of murder in Los Angeles County Superior Court. Id. at 1221. At the conclusion of the penalty phase, the jury returned a verdict of death and the court entered judgment in accordance with it. Id. The sentence was upheld on appeal to the California Supreme Court. Id. The California Supreme Court denied Petitioner's state habeas petition on June 28, 2006, and amended the order denying the petition on September 13, 2006.

Petitioner initiated his federal habeas action on June 29, 2006, by filing a motion for appointment of counsel pursuant to Local Civil Rule HC.3(d)(1). The Court filed an order appointing counsel on September 22, 2006. A protective petition for habeas corpus was filed on December 6, 2006.

Presently before the Court is Petitioner's "Application to Conduct Certain Investigation." Petitioner had previously requested to file this Application ex parte and under seal. On November 17, 2006, the Court denied that request and returned the document to Petitioner. [Doc. No. 17.] On November 22, 2006, Petitioner filed an Application to Conduct Certain Investigation with notice to the opposing party. [Doc. No. 18.] On December 6, 2006, Respondent filed an Opposition to this Application. [Doc. No. 23.] On December 7, 2006, Petitioner filed a Reply. [Doc. No. 33.]

# II. DISCUSSION

Petitioner seeks "an order authorizing his federal habeas investigation to proceed unimpeded by a state trial court order that, on its face, might be read as purporting to limit the full scope of federal habeas counsel's investigation." (Petitioner's Application ["App."] at 2.) Petitioner aims to "conduct a complete investigation that includes ascertaining whether any member of the jury panel engaged in ex parte contacts, considered extrajudicial evidence, or intentionally concealed or failed to disclose

1   material information relating to their qualifications to serve as jurors in Mr. Carter's case." (App. at 3.)

2   Respondent asserts that "[t]here is nothing in the record which even remotely suggests the potential for

3   habeas claims based on juror misconduct," and asks this Court to deny Petitioner's application.

4   (Respondent's Opposition ["Opp."] at 2.)  Respondent further posits that the state trial court is in the

5   best position to rule on a request to interview the trial jurors, and as that court had previously issued an

6   order prohibiting contact with the jurors, the request should be first raised with that court. (Id. at 1-2.)

7   **A.      Petitioner's Application in Federal Court**

8   A habeas petitioner is not entitled to discovery "as a matter of ordinary course." Bracy v.

9   Gramley, 520 U.S. 899, 904 (1997).  Neither should courts allow a petitioner to "use federal discovery

10  for fishing expeditions to investigate mere speculation." Calderon v. United States Dist. Ct. for the

11  Northern Dist. of Cal. (Nicolaus), 98 F.3d 1102, 1106 (9th Cir. 1996).  Petitioner has not made any

12  attempt to show a basis for contacting the jury in this case.  Instead, Petitioner maintains that he does

13  not seek discovery.  Petitioner affirms that he "knows the names of the individuals he desires to

14  interview," and is not asking the Court "to produce any witness, any document, or any tangible item of

15  evidence." (Petitioner's Reply ["Reply"] at 5.)

16  The Ninth Circuit has routinely treated requests to interview jurors as a discovery issue, and as

17  such, there are procedures currently in place regarding contact with former jurors.  When a party seeks

18  contact with former jurors, a district court regularly requires a showing of good cause. See Rule 6(a)

19  foll. 28 U.S.C. § 2254 ("A party shall be entitled to invoke the process of discovery available under the

20  Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and

21  for good cause shown grants leave to do so, but not otherwise.")  To make such a determination, the

22  Court must consider all facets of a petitioner's claim and evaluate whether "specific allegations before

23  the court show reason to believe that the petitioner may, if the facts are fully developed, be able to

24  demonstrate that he is...entitled to relief." Bracy, 520 U.S. at 908-09, quoting Harris v. Nelson, 394 U.S.

25  286, 300 (1969).

26  The Ninth Circuit specifically disfavors post-verdict questioning of jurors, and has held "there

27  is no federal constitutional problem involved in the denial of a motion to interrogate jurors where...there

28  has been no specific claim of jury misconduct." Smith v. Cupp, 457 F.2d 1098, 1100 (9th Cir. 1972).

Federal district courts have commonly denied requests to interview former jurors where the moving party has made no specific allegations or preliminary showing of juror misconduct.  See United States v. Low, 2006 WL 1995285 (D. Hawai'i 2006); Economou v. Little, 850 F.Supp 849 (N.D. Cal. 1994). The proper way to proceed with such an application in federal court is for an attorney to first make a preliminary showing of likely jury misconduct and seek leave of the court to approach the jury.  See Hard v. Burlington Northern R.R., 812 F.2d 482, 485 n.3 (9th Cir. 1987); see also United States v. Bagnariol, 665 F.2d 877, 884 (9th Cir. 1981).

The facts presented here do not warrant granting the application Petitioner seeks.  Petitioner has not made any specific claim of jury misconduct in this case, and instead asserts that counsel's duty, articulated by the United States Supreme Court in McClesky v. Zant, is to "conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition."  (Reply at 1.)  Petitioner maintains that conducting interviews of the trial jurors are a necessary step in the habeas investigation and should not be constrained by the state trial court order. (Id. at 2-3.)

Petitioner's argument is unpersuasive.  Petitioner has not asserted cause for interviewing the jurors, and considering the existing policy of denying requests to interrogate jurors without a preliminary showing of good cause, the Court denies this Application.

**B.**     **The State Trial Court Order**

On August 26, 1996, the trial court issued an order in this case dictating that "no juror shall be contacted, without further order of the Court."  (Pet. Exhibit A-1.)  The order added that "[n]otice to request dissemination of juror information or contact of a juror shall be given to Court or counsel."  (Id.) Petitioner contends that "it is unclear whether such an order applies to federal habeas counsel" and asks this Court for permission to  conduct juror interviews regardless of the trial court order.  (App. at 1-2.)

To date, Petitioner has not made any allegations of juror misconduct in his case.  No such claim was raised in the trial court, on direct appeal, or in the state habeas proceeding.  If this Court were to grant permission to contact jurors and Petitioner were able to develop a juror misconduct claim as a result, any such claim would be unexhausted.  A claim of this ilk must first be presented to the state court in order to exhaust state remedies.  28 U.S.C. § 2254(b).  Petitioner maintains that the exhaustion

1    issue does not impact and limit his right to conduct the juror interviews, and that he would first present

2    to the state court any new claim arising from the material gathered through the investigation.

3        The Court need not consider at this time whether the state trial court order continues to apply

4    to federal habeas proceedings, as Petitioner has failed to demonstrate the requisite good cause to grant

5    his application in this Court.  It may be more practical for Petitioner to return to state court with this

6    application.  However, if Petitioner wishes to re-file the application and attempt to show good cause for

7    interviewing the jurors, this Court will reconsider his Application.

8                                       **III. CONCLUSION**

9        Petitioner has not asserted any cause for interviewing the former jurors in his state murder case,

10   and his application is **DENIED**.

11       **IT IS SO ORDERED.**

12

13   DATED:  January 25, 2007

14

15                                                        Hon. Roger T. Benitez
                                                          United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28