UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN PHILLIP CARTER,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>MICHAEL MARTEL, Acting Warden of the California State Prison at San Quentin,<br><br>　　　　　　Respondent. | CASE No. 06cv1343-BEN (CAB)<br><br>*DEATH PENALTY CASE*<br><br>**ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING WITHOUT PREJUDICE [Doc. No. 112]** |

　　　　In accordance with the deadlines set forth in the Court's Order of November 8, 2010, Petitioner filed a Motion for Evidentiary Hearing on December 22, 2010. On April 4, 2011, the United States Supreme Court issued a decision in Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388 (2011), in which the Court held that a federal court's "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Id. at 1398.

　　　　For the reasons set forth below, the Court **DENIES** Petitioner's Motion for Evidentiary Hearing without prejudice as premature in light of Pinholster.

///

///

## I. BACKGROUND

Petitioner was convicted in the San Diego County Superior Court on May 22, 1991, of one count of first degree murder, two counts of robbery, one count of burglary, one count of forcible rape, and one count of forcible oral copulation. People v. Carter, 36 Cal.4th 1215, 1220 (2005). The jury also found true the special circumstance allegations that the murder was committed while lying in wait, that the murder was committed while Petitioner was engaged in the commission or attempted commission of a robbery, that the murder was committed while Petitioner was engaged in the commission or attempted commission of a burglary, and that Petitioner had previously been convicted of three counts of murder in Los Angeles County Superior Court. Id. at 1221. At the conclusion of the penalty phase, the jury returned a verdict of death and the court entered judgment in accordance therewith. Id. The sentence was upheld on appeal to the California Supreme Court. Id. The California Supreme Court denied Petitioner's state habeas petition on June 28, 2006, and amended the order denying the petition on September 13, 2006.

Petitioner initiated his federal habeas action on June 29, 2006, by filing a motion for appointment of counsel pursuant to Local Civil Rule HC.3(d)(1). The Court filed an order appointing counsel on September 22, 2006. On December 6, 2006, Petitioner filed a Protective Petition, and on June 20, 2007, filed a mixed Petition for Writ of Habeas Corpus with this Court, asserting 17 claims for relief, with eight claims comprised of numerous sub-claims. On July 6, 2007, Petitioner and Respondent filed a Joint Stipulation and Motion to Stay Federal Proceedings pending the resolution of a state exhaustion petition, and on July 13, 2007, the Court granted the motion.

On June 22, 2007, Petitioner filed a second state habeas petition, containing the unexhausted claims, and filed a Reply on April 23, 2009. Petitioner also filed a third state habeas petition on February 16, 2010, based on newly discovered evidence, and filed a Reply on May 14, 2010. The second and third state habeas petitions were both denied by the California Supreme Court on June 17, 2010 without an evidentiary hearing. All but two claims[1] were adjudicated on the merits.

On July 12, 2010, Petitioner filed a Second Amended Petition in this Court. On October 18,

---

[1] Claims 5 and 16 subpart C were denied as "premature without prejudice to renewal after an execution date is set. (*People v. Abilez* (2007) 41 Cal.4th 472, 536; *People v. Lawley* (2002) 27 Cal.4th 102, 169, fn. 25.)" (Supp. Lodgment No. 4, Doc. No. 99, case no. S153780.)

1  2010, Respondent filed an Answer, and on December 8, 2010, Petitioner filed a Traverse. Pursuant to
2  the Court's order of November 8, 2010 that any motion was to be filed on or before December 23, 2010,
3  Petitioner filed the instant Motion for Evidentiary Hearing on December 22, 2010. On January 11, 2011,
4  Respondent filed an Opposition, and on January 27, 2011, Petitioner filed a Reply.

## II. FEDERAL HABEAS REVIEW AND PINHOLSTER

In order to obtain federal habeas relief on a claim adjudicated on the merits by a state court, a petitioner must demonstrate that the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d)(1), (d)(2).

On April 4, 2011, the United States Supreme Court issued a decision in Cullen v. Pinholster, in which it held that, for claims previously decided on the merits by a state court, a federal court's "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 131 S.Ct. at 1398. The Supreme Court reaffirmed that review under section 2254(d)(2) was similarly limited to evidence adduced in the state court proceedings. Id. at 1400 n.7. The Court noted that "[a]lthough state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so." Id. at 1401.

The Court stated that a prior decision in Schriro v. Landrigan, 550 U.S. 465 (2007), was consistent with Pinholster, reasoning that "[b]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate," and thus "when the state-court record 'precludes habeas relief' under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing.'" Pinholster, 131 S. Ct. at 1399, quoting Landrigan, 550 U.S. at 474.

Thus, pursuant to Pinholster, it does not serve the interests of judicial economy to hold an evidentiary hearing, or decide whether an evidentiary hearing is warranted, prior to conducting a review under section 2254(d).

///

### III. CONCLUSION

Petitioner's Motion for an Evidentiary Hearing [Doc. No. 112] is **DENIED** without prejudice as premature to a decision as to whether any of the claims in the federal Petition survive section 2254(d) review. In conducting the § 2254(d) review of Petitioner's claims, the Court will consider the arguments raised in the motion papers filed in support of, and in opposition to, the Motion for Evidentiary Hearing.

**IT IS SO ORDERED.**

DATED: August 12, 2011

Hon. Roger T. Benitez
United States District Judge