FILED

2011 OCT -5 AM 10: 26

CLERK U.S.
SOUTHERN DIST...

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN PHILLIP CARTER,<br><br>    Petitioner,<br><br>vs.<br><br>MICHAEL MARTEL, Acting Warden of the California State Prison at San Quentin,<br><br>    Respondent. | CASE No. 06cv1343-BEN (CAB)<br><br>*DEATH PENALTY CASE*<br><br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S MOTION FOR RECONSIDERATION [Doc. No. 151];**<br><br>**(2) GRANTING PETITIONER'S REQUEST FOR SUPPLEMENTAL MERITS BRIEFING; AND**<br><br>**(3) SETTING BRIEFING SCHEDULE** |

In an Order dated August 12, 2011 [hereinafter "Order"], the Court denied Petitioner's Motion for Evidentiary Hearing without prejudice as premature in light of Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388 (2011). On September 8, 2011, Petitioner filed a Motion for Reconsideration and Request for Supplemental Briefing ["Mot."].

For the reasons set forth below, the Court **DENIES** Petitioner's Motion for Reconsideration and **GRANTS** Petitioner's Request for Supplemental Briefing.

///
///

## I. DISCUSSION

Petitioner asserts that reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in the controlling law." (Mot. at 2), quoting Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001). The Local Rules of this district provide for reconsideration upon a showing of "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." CivLR 7.1(i)(1).

Petitioner specifically contends that "the Court committed clear error in concluding that Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011) requires Carter to first prove he satisfies 28 U.S.C. § 2254(d) before he can receive an evidentiary hearing." (Mot. at 2.) Petitioner also argues that "it would be manifestly unjust for the Court to proceed with this case without first allowing Carter to fully brief (1) the impact of Pinholster on his case and (2) whether he satisfies § 2254(d)." (Id.)

Contrary to Petitioner's contention, this Court did not conclude that Pinholster *required* Petitioner to prove he satisfied section 2254(d) before he could receive an evidentiary hearing. The Court instead expressed an intention, consistent with Pinholster and Schriro v. Landrigan, 550 U.S. 465 (2007), to defer a decision on whether an evidentiary hearing was warranted until the Court was able to take into account the requirements of section 2254, which necessarily includes both sections 2254(e)(2) and 2254(d). (Order at 3); See Pinholster, 131 S. Ct. at 1399, quoting Landrigan, 550 U.S. at 474 ("Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, *a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate*.") (emphasis added.)  As such, the Court is unpersuaded that its decision denying Petitioner's motion for evidentiary hearing without prejudice, and expressing an intention to conduct a section 2254(d) analysis along with considering the arguments raised in the pleadings filed in connection with the motion for evidentiary hearing, constituted clear error.

Petitioner also contends that the Court signaled an intention to engage in a section 2254(d) analysis solely on the arguments presented in connection with the Motion for Evidentiary Hearing. (See Mot. at 6.) This is not the case. The Court merely stated that in conducting the section 2254(d) review,

the Court would "consider the arguments raised in the motion papaers filed in support of, or opposition to, the Motion for Evidentiary Hearing." (Order at 4.) This statement was intended to explain that the Court would conduct a section 2254(d) review along with the evaluation of whether Petitioner's federal habeas claims warranted an evidentiary hearing, and would thus give due consideration to the papers previously filed in this case regarding that motion. The Court did not express an intent to limit or deny requests for further briefing, whether on Pinholster, section 2254(d), or other relevant issues. Again, based on the argument presented by Petitioner, the Court is unpersuaded that its ruling denying Petitioner's motion for evidentiary hearing without prejudice was manifestly unjust.

Petitioner also "requests that this Court grant him leave to present supplemental merits briefing on both the effect of Pinholster and the issue of whether his claims satisfy § 2254(d)." (Mot. at 8.) In light of the reasons proffered, in particular Petitioner's assertion that he "never intended for his Motion for Evidentiary Hearing to be a full briefing of § 2254(d) issues," (see mot. at 7) the Court finds this request to be reasonable. Accordingly, merits briefing that addresses whether the claims set forth in the Petition satisfy § 2254(d) and addressing Pinholster's impact on Petitioner's entitlement to an evidentiary hearing shall be filed in accordance with the schedule set forth below.

## II. CONCLUSION

For the reasons stated above, Petitioner's Motion for Reconsideration [Doc. No. 151] is **DENIED** and Petitioner's request for leave to present supplemental briefing is **GRANTED**. In accordance with the timelines previously set forth in the Court's November 8, 2010 Order, Petitioner's Opening Brief shall be filed ~~within 45 days of the date of this Order~~, on or before Nov. 18, 2011. Respondent's Opposition or Response shall be filed within 20 days from the date the Opening Brief is filed, and the Reply shall be filed within 15 days after the filing of the responsive pleading.

IT IS SO ORDERED.

Dated: 10/04/2011

HON. ROGER T. BENITEZ
United States District Judge