FILED

2013 JUN -3 PM 3: 46

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN PHILLIP CARTER, <br><br> Petitioner, <br><br> vs. <br><br> KEVIN CHAPPELL, Acting Warden of San Quentin State Prison, <br><br> Respondent. | CASE NO. 06cv1343 BEN (KSC) <br><br> *DEATH PENALTY CASE* <br><br> **ORDER DENYING MOTION TO VACATE, ALTER, OR AMEND FINAL ORDERS AND JUDGMENT** |

A Final Order Denying Habeas Relief was filed on March 18, 2013, and Judgment was entered in this case on March 19, 2013. (Doc. Nos. 171, 172.) On April 15, 2013, Petitioner filed a Motion requesting "an order altering, amending, or vacating [this Court's] final orders and judgment dismissing his Second Amended Petition" under Federal Rule of Civil Procedure 59(e) or 60(b). (Doc. No. 174-1 ["Mot."] at 7.)[1] Specifically, Petitioner moves the Court to vacate its orders and judgment, issue another stay,[2] and allow him to return to state court in order to present evidence that

---

[1] Page numbers for docketed materials cited in this Order refer to those imprinted by the Court's electronic case filing system.

[2] This case was previously stayed for nearly three years to permit Petitioner to exhaust a number of claims and that filing, the second state habeas petition, contained the same claims Petitioner now seeks to present again to the state supreme court.

was precluded from this Court's consideration under <u>Cullen v. Pinholster</u>, 131 S.Ct. 1388 (2011). On May 20, 2013, Respondent filed an Opposition, and on May 28, Petitioner filed a Reply. For the reasons set forth below, Petitioner's motion is **DENIED**.

Petitioner asserts that "Federal Rule of Civil Procedure 59(e) allows judges to amend or alter judgments to prevent 'manifest injustice,' and Rule 60(b) permits judges to vacate judgments when doing so is 'appropriate to accomplish justice.'" (Mot. at 7.) Under Rule 59(e), altering or amending a judgment is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in the controlling law." <u>School Dist. No. 1J v. AC&S, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b) of the Federal Rules of Civil Procedure provide for relief from judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. <u>See</u> Fed.R.Civ.P. 60(b).

Petitioner argues that "because of a novel, unforeseeable change in the law, there is a very real danger that this case will result in manifest injustice." (Mot. at 7-8.) Petitioner refers to the Supreme Court's April 4, 2011 decision in <u>Pinholster</u>, which instructs that a federal habeas court's "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." <u>Id.</u>, 131 S.Ct. at 1398.

In the instant case, because the California Supreme Court rejected Petitioner's claims on the merits, this Court indicated that:

> [A]ny evidence that was not previously presented to the California Supreme Court will not be considered by this Court in the evaluation of each claim under [section] 2254(d). Based on the Court's review of the record, this includes materials from trial counsel's files, currently under seal, and the deposition of second chair trial counsel, submitted by

Respondent in connection with record expansion proceedings, labeled Ex. 1-14. (See Doc. Nos. 141-43, 148.) This also includes Petitioner's exhibits filed in support of the Motion for Evidentiary Hearing, including materials from trial counsel's files, witness interviews, memos, and expert reports, labeled Ex. A through Ex. AA. (See Doc. No. 113.)

If Petitioner is able to satisfy § 2254(d) with respect to any of the claims in the federal Petition, the Court will then consider this additional evidence in determining whether relief is warranted on the claim or claims at issue.

(Doc. No. 170 at 80-81.) Because Petitioner was unable to satisfy section 2254(d) with respect to any of the claims, the Court did not consider materials not presented to the state court.

Petitioner explains that "in light of the California Supreme Court's unwillingness to allow petitioners to file privileged documents under seal (e.g. trial counsel files), the prudent course of action was to wait for the California Supreme Court to issue an order to show cause before they filed any privileged material," which would allow them to seek a protective order. (Mot. at 13.) Petitioner explains that federal district courts in the Ninth Circuit often issue protective orders in capital habeas cases. (Mot. at 14.)

However, the Supreme Court rendered Pinholster on April 4, 2011, nearly two years before this Court's March 18, 2013 Order Denying Habeas Relief. Petitioner has been well aware of Pinholster's import, given the Court's October 5, 2011 Order Denying Petitioner's Motion for Reconsideration, the Court's earlier July 25, 2011 Order Denying Petitioner's Motion for Discovery, and the Court's August 12, 2011 Order Denying Petitioner's Motion for Evidentiary Hearing Without Prejudice, each of which referenced or discussed the impact of Pinholster. (See Doc. No. 152 at 2-3; Doc. No. 149 at 4; Doc. No. 150 at 3.) Given the Court's stated intention to apply Pinholster in its adjudication of his federal claims under § 2254(d), Petitioner fails to explain why he did not either: (1) request a stay after either the issuance of Pinholster or after any of the Court's three separate 2011 orders referencing or discussing Pinholster's application to his case, or (2) simply return to state court to present these materials. In light of the Court's clear, long-standing, and explicitly-stated intention

1  to apply Pinholster, Petitioner's belated argument that its application may result in
2  "manifest injustice" is unpersuasive.

3  Petitioner's reliance on the Ninth Circuit's decision in Gonzalez v. Wong, 667
4  F.3d 965 (9th Cir. 2011), in advocating for a stay and abeyance of this case is also
5  misplaced. In Gonzalez, the petitioner presented a claim pursuant to Brady v.
6  Maryland, 373 U.S. 83 (1963), asserting that the prosecution failed to turn over
7  exculpatory information concerning a jailhouse informant who testified for the
8  prosecution at trial. Id. at 972. Several documents the state failed to disclose were
9  later obtained by the petitioner during federal habeas proceedings, and thus had not
10  been part of the state record at the time the California Supreme Court issued its
11  decision. Id. The Ninth Circuit reasoned as follows:

> Under Pinholster, we may not consider those *later-discovered materials* in reviewing [Petitioner's] federal habeas claim. Because it appears to us that those materials strengthen [Petitioner's] Brady claim to the point that his argument would be potentially meritorious- that is, that a reasonable state court might be persuaded to grant relief on that claim- it is not appropriate for us to ignore those materials. We remand that portion of the case to district court to stay the proceeding in order to give [Petitioner] an opportunity to return to state court and present his claim with the benefit of *materials that were not available* and not part of the record at the time of the California Supreme Court decision.

18  Id. (footnote omitted) (emphasis added).

19  Unlike in Gonzalez, the materials Petitioner seeks to present to the state supreme
20  court were, with the exception of the deposition of second-chair counsel, not
21  discovered after the conclusion of state habeas proceedings. Instead, as noted above,
22  Petitioner asserts that post-conviction counsel possessed the materials and made a
23  tactical decision not to submit the materials to the state court. Regardless of the post-
24  conviction counsel's reasoning, the fact remains that this situation is not akin to
25  Gonzalez, in which the Ninth Circuit clearly indicated that the late disclosure of the
26  newly-disclosed Brady materials was the state's responsibility, and "[f]or us simply to
27  ignore the materials that did not emerge until the federal habeas proceedings would be
28  to reward the prosecutor for withholding them." Id. at 980. Under California law, a

state habeas petitioner is required to not only plead his claim, but also should "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." People v. Duvall, 9 Cal. 4th 464, 474 (1995). In this case, Petitioner, and not the State, bore the responsibility of presenting the evidence to the state supreme court.

Petitioner contends that the additional evidence he seeks to present to the state court bolsters the merits of federal Claims 2 and 3 to the extent that those claims are "colorable and potentially meritorious," warranting a return to state court. (Mot. at 17, citing Gonzalez, 667 F.3d at 980.) Yet again, unlike in Gonzalez, both Claim 2 and Claim 3 have been previously presented to the California Supreme Court on two prior occasions, albeit prior to the date Pinholster was decided. Petitioner presented federal Claims 2 and 3 as Claims II and III in the first state habeas petition (California Supreme Court Case No. S096874) and as Claims Two and Three of the second state habeas petition (California Supreme Court Case No. S153780). The California Supreme Court adjudicated the claims on the merits in both petitions. Therefore, Petitioner has not been deprived of an opportunity to raise his claims before the state supreme court and has, in fact, twice presented these claims (and twice chosen not to include materials from trial counsel files in his presentation to the state court).

The Court also acknowledges that deposition of second chair trial counsel Dedina, was taken during federal proceedings after the state court's decision and was not "available" as evidence when Claims 2 and 3 were twice presented to the state court. However, the Court's Order granting the deposition clearly stated that Ms. Dedina would be deposed in order to "preserve her testimony" in light of her declining health due to cancer. (See Doc. No. 83 at 3-4.) The Court made no determination that the Dedina deposition would, or would not, be considered in the adjudication of the federal Petition, only that her testimony would be preserved. Moreover, in connection with preparation for the Dedina deposition, Petitioner made portions of trial counsels' files available to Respondent. Respondent, in turn, submitted a number of items from

trial counsels' files to the Court during record-expansion proceedings to bolster their assertion that trial counsels' performance in investigating, preparing and presenting Petitioner's trial defense satisfied constitutional requirements. (See Doc. Nos. 141-143, 148.) Pursuant to Pinholster, the Court did not consider those newly-submitted materials in adjudicating the federal Petition. (See Doc. No. 170 at 80.) Thus, given that both parties have submitted evidence during the federal proceedings that has not been presented to the state court, Petitioner also fails to show that the net effect of this evidence submitted in federal court has rendered his claims "colorable or potentially meritorious."

In any event, the Ninth Circuit has instructed that a motion under Rule 59(e) "should not be granted, absent highly unusual circumstances" such as those outlined above. Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001), quoting McDowell v. Calderon, 197 F3d 1253, 1255 (9th Cir. 1999) (en banc). Here, Petitioner fails to establish that this Court's application of Pinholster constituted clear error, resulted in "manifest injustice," or otherwise warrants relief under either Rule 59(e) or Rule 60(b).

Accordingly, as Petitioner fails to identify any factor under either FRCP 59(e) or 60(b) that would justify the relief sought, Petitioner's Motion to Alter, Amend, or Vacate the Court's Orders and Judgment is **DENIED**.

The Court also hereby **VACATES** the June 3, 2013 hearing date on this motion.
**IT IS SO ORDERED.**
Dated: 5/31/13

ROGER T. BENITEZ
United States District Judge